```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


LEESA AUGUSTINE and                    *      CIVIL ACTION
KRIS AUGUSTINE


versus                                 *      NO. 06-9062

ALLIANCE INSURANCE AGENCY              *      SECTION "F"
SERVICES, INC., WATERSTREET
INSURANCE COMPANY and ABC
INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

The Augustines' home was destroyed by Hurricane Katrina. Alliance Insurance Agency Services (AIAS) was the Augustines' agent that procured their homeowners and flood insurance policies.  When they filed a claim for their losses, AIAS informed them that they had no flood contents coverage.

The Augustines sued AIAS and Waterstreet Insurance Company in state court on August 28, 2006.  They accuse AIAS of negligence and breach of fiduciary duty in the procurement of insurance, including failing to secure the flood insurance requested and failing to advise her regarding adequate flood insurance.  On October 26, 2006, AIAS removed the case to this Court, invoking the Court's original federal question jurisdiction,

1

arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP.  The plaintiff now moves to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); Sullivan v. State

Farm and Casualty Co., et al., 2006 WL 3332832 (E.D. La. Nov. 14, 2006) (Africk, J.).

This case is no different. Similar to the plaintiff's case in Landry,

> "[t]he case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain ... coverage for Plaintiff's home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy."

The plaintiffs make no claim that defendants have mishandled or failed to properly adjust their flood insurance policy. Rather, they say they relied on their agent's advice in obtaining full replacement costs for their home and its contents and that the policy was not as they had requested, nor as the agent had represented. AIAS acknowledges that the plaintiffs seek damages for failure to procure adequate flood insurance but insists that -- notwithstanding the judicial decisions in the Sections of this Court to the contrary -- all flood claims, including failure to procure flood insurance, should be governed and preempted by federal law. But AIAS offers no sound reason for this Court to abandon the distinction that has been maintained by the Sections of this Court between flood claims regarding procurement versus handling or adjustment. AIAS fails to convince the Court that the plaintiffs' claims arise from compliance with FEMA regulations under an NFIP policy. Rather, the plaintiff's claims relate to

3

asserted errors or omissions in the procurement of her insurance policy.

In its opposition, AIAS suggests that it did not owe a duty to plaintiffs and that plaintiffs' claims against AIAS are perempted. These arguments are presented as independent arguments and no mention is made of diversity jurisdiction; it appears that AIAS is making these arguments to provoke an improper joinder inquiry regarding whether AIAS, the local defendant, has been improperly joined to defeat diversity jurisdiction. However, diversity of citizenship as a possible basis for jurisdiction was not asserted in the Notice of Removal. No motion to amend the Notice of Removal has been filed. Even if the Court considered AIAS's arguments[1] as a motion to amend the notice of removal after the expiration of the 30 day period under 28 U.S.C. § 1446(b), a defendant may only amend a notice to cure technical defects and not

---

[1] The Court notes, as it has in a prior decision, Windmill Nursery of Louisiana v. Maryland Cas. Co. and Stone Ins. Co., 2006 WL 3388486 (E.D. La. Nov. 21, 2006), that it is inclined to agree with authority for the proposition that this Court lacks subject matter jurisdiction to entertain any relief requested by a party whose presence in the action defeats diversity jurisdiction in a case where this Court's jurisdiction rests solely on 28 U.S.C. § 1332. See, e.g., Jewell v. Dudley L. Moore Insurance, Inc., 872 F. Supp. 1517, 1520 (M.D. La. 1995). In Jewell, Chief Judge Parker determined that any action taken by the court on a motion by a non-diverse party in a diversity case would be an action taken without subject matter jurisdiction, reasoning that: "If the non-diverse party has not been fraudulently joined, the court must remand the case. If the non-diverse party has been fraudulently joined, the proper procedure is to simply ignore his presence; he is no longer considered a party defendant." Id.

state a new and distinct jurisdictional basis.  See Energy Catering Services, Inc. v. Burrow, 911 F. Supp. 221, 223 (E.D. La. 1995) (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, (5th Cir. 1985)).

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, January 3, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5